**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JOSEPH BERRY, 00-A-6515,**

                        **Plaintiff,**                04-CV-0161(Sr)

v.

**LESTER N. WRIGHT, et al.,**

                        **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #18.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging retaliation, use of excessive force and denial of adeqaute medical care. Dkt. #1. The Court's Case Management Order reminded plaintiff of his responsibility to keep the Court informed of his current address. Dkt. #35.

By letter filed December 6, 2007, plaintiff advised the Court of his new address and asked the Court to reschedule a status conference set for December 7, 2007 so that he could concentrate on his transition from prison back into society. Dkt. #178.

By text order filed December 6, 2007 and mailed to plaintiff at the address he provided, the Court granted plaintiff's request and directed plaintiff to advise the Court as to the status of his case in writing no later than January 17, 2008. Dkt. #140. The Court also warned plaintiff that his failure to contact the Court as directed could result in dismissal of this action for

failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Dkt. #179. When plaintiff failed to comply with that order, the Court ordered plaintiff to show cause why his case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Dkt. #182. Plaintiff responded to the order to show cause and the case proceeded through discovery with several status conferences conducted by telephone. Dkt. ##183, 186 & 191.

Defendants filed a motion for summary judgment on November 26, 2008. Dkt. #193. By text order issued December 1, 2008, plaintiff was directed to respond to the motion no later than January 9, 2009. Dkt. #201. Plaintiff failed to respond.

By order issued January 3, 2012, this matter was referred to mediation and counsel was assigned to represent plaintiff solely for purposes of mediation. Dkt. #204. That order was returned to the Court as undeliverable.

By Order entered January 3, 2013, plaintiff was ordered to show cause why his case should not be dismissed for failure to prosecute. Dkt. #205. That order was returned as undeliverable.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro*

*se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

Plaintiff has had no communication with the Court since a telephone conference on September 25, 2008, at which time the Court set a deadline for filing dispositive motions and advised the plaintiff of the procedure for responding to such a motion. Dkt. #191. Although there is no indication that plaintiff did not recieve the Court's text order scheduling his resposnse to the defendants' motion for summary judgment, plaintiff failed to respond to the motion for summary judgment. Moreover, although the Court's Case Management Order (Dkt. #35), advised plaintiff of his responsibility to keep the Court informed of his current address and plaintiff was previously warned that his failure to prosecute his case could result in dismissal of his action (Dkt. #182), plaintiff failed to respond to defendants' motion for summary judgment and the Order referring this action to mediation was returned as undeliverable. As a result, the

Court can only conclude that plaintiff has lost interest in the prosecution of this action.

To hold this action in abeyance until plaintiff deigns to contact the Court would undermine the Court's ability to manage its caseload and prejudice defendants' interest in resolving the allegations against them. The Court cannot fathom any lesser sanction than dismissal which could preserve the integrity of the Court's authority over indigent, *pro se* litigants such as plaintiff. To permit plaintiff's case to be held in abeyance until such time as plaintiff reestablishes contact with the Court would eviscerate the semblance of any procedural standards for *pro se* plaintiffs.

## CONCLUSION

Based on the foregoing, this matter is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b).

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**February 26, 2013**

                                          s/ H. Kenneth Schroeder, Jr.
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**